# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **SHA'LEXIUS HENRY** | **CASE NO. 5:24-CV-00850** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CITY OF SHREVEPORT ET AL** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM RULING

Before this Court is a Motion for Summary Judgment [Doc. No. 11] filed by the Defendants City of Shreveport ("Shreveport") and Trevor Pinckley ("Officer Pinckley") (collectively "Defendants"). No Opposition has been filed by Plaintiff, Sha'Lexius Henry ("Henry").

For the reasons set forth herein, the Motion is **GRANTED**.

### I.   BACKGROUND

On June 25, 2024, Henry filed a Complaint against Defendants, alleging (1) a violation of her constitutional rights under the Fourth Amendment and (2) state law negligence.[1] Pinckley is a police officer with the Shreveport Police Department. Henry alleges that on June 25, 2023, "Pinckley snatched [her] by [her] leg off of a car, punched [her] multiple times in [her] head, . . . ta[s]ed [her], pulled [her] hair out and dragged [her] across the grass."[2] As a result of this incident she allegedly sustained damages and asks for compensatory and punitive damages.[3]

The Defendants' Motion for Summary Judgment paints a totally different picture.[4] Officer Pinckley's affidavit[5] states that on the date of the incident, he was dispatched to Atkins Park by

---

[1] [Doc. No. 1 at 3].
[2] [Id. at 4].
[3] [Id. at 5].
[4] [See generally Doc. No. 11].
[5] [Doc. No. 11-2].

the Shreveport Police Department because of a fight at the park.[6] After arriving to the scene, Officer Pinckley received a report from an unidentified man, who reported that a woman he did not know—and who had previously attempted to fight multiple people—was standing on the trunk of his vehicle.[7] The man asked Officer Pinckley and Officer Matthew Rhoden, to remove the woman from his vehicle.[8]

As Officer Pinckley approached the vehicle, he observed a woman, later identified as Henry, standing on the trunk of a vehicle.[9] Officer Pinckley told Henry to get off of the vehicle, and she took a step back.[10] Henry also swatted Officer Pinckley's hand away when he attempted to reach for her.[11] Officer Pinckley struck Henry's ankle in an attempt to remove her from the vehicle.[12] Henry fell on the trunk of the vehicle and Officer Rhoden grabbed Henry's arm, pulled her off the vehicle, and told Henry to leave the park.[13]

Throughout the whole ordeal, Henry appeared intoxicated to Officer Pinckley.[14] Henry rose from the ground and began a physical fight with a nearby unknown woman, striking the woman in the face two to three times.[15] Officer Pinckley and Officer Rhoden attempted to pull the two women apart as Henry was biting the other woman's breasts.[16] Officer Pinckley then delivered three "closed, empty hand distraction strikes" to Henry's left jaw, to force Henry to release the other woman.[17]

---

[6] [Id. at 1–2].
[7] [Id. at 2].
[8] [Id.].
[9] [Id.].
[10] [Id.].
[11] [Id. at 3].
[12] [Id.].
[13] [Id.].
[14] [Id.].
[15] [Id.].
[16] [Id.].
[17] [Id.].

2

When Henry failed to release the other woman, Officer Pinckley delivered a "short dry stun" with his taser to Henry's lower back.[18] Henry then released the woman, and the officers placed Henry in handcuffs and took her into custody.[19] Henry lost consciousness while being escorted to the patrol unit.[20] The Shreveport Fire Department was called to treat Henry, and they transported her to Willis Knighton North Hospital.[21]

Henry was charged with resisting an officer (La. R.S. 14:104) and with disturbing the peace (La. R.S. 14:103).[22] A narrative report was attached[23] which Officer Pinckley verified was true and correct.

Henry was served with a subpoena for her deposition to be taken on January 17, 2025, but she failed to appear.[24] Henry was served with Interrogatories and Requests for Production of Documents but failed to respond.[25] Additionally, Henry has failed to file an opposition or response to the Defendants' Motion for Summary Judgment.

## II.  LAW AND ANALYSIS

### A.  Motion for Summary Judgment

Summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed R. Civ. P. 56(A). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in this case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

---

[18] [Id.].
[19] [Id.].
[20] [Id. at 4].
[21] [Id].
[22] [Id.].
[23] [Doc. No. 11-3]
[24] [Doc. No. 11-3 and 11-4]
[25] [Doc. No. 11-5, pp. 1-24].

3

(1986). A dispute about a material fact is genuine if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor.

In deciding unopposed summary judgment motions, the Fifth Circuit has noted that a motion for summary judgment cannot be granted simply because there was no opposition. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). The movant has the burden to establish the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, irrespective of whether any response was filed. *Powell v. Delaney*, No. CIV.A.SA00CA0426NN, 2001 WL 1910556, at 5-6 (W.D. Tex. June 14, 2001). Nevertheless, if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment. *Id*. at 1 and n.2; *see also Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003) (where no opposition is filed, the nonmovant's unsworn pleadings are not competent summary judgment evidence and movant's evidence may be accepted as undisputed); *see also*, *UNUM Life Ins. Co. of America v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002) ("Although the court may not enter a 'default' summary judgment, it may accept evidence submitted by [movant] as undisputed."); *Bookman v. Shubzda*, 945 F. Supp. 999, 1002

(N.D. Tex.) ("A summary judgment nonmovant who does not respond to the motion is relegated to his unsworn pleadings, which do not constitute summary judgment evidence.").

The court has no obligation to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

### B. Qualified Immunity, False Arrest and Excessive Force

Defendants assert their entitlement to summary judgment on the grounds of qualified immunity, as well as the undisputed evidence indicating the absence of both false arrest and excessive force. The Court agrees.

#### (i) False Arrest

To prevail on a claim of false arrest under a § 1983 claim, a party must show that the officers did not have probable cause for the arrest. *Haggerty v. Texas S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004). Probable cause exists "when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the subject had committed or was committing an offense." *Glen v. City of Tyler*, 242 F.3d 307, 313 (5th Cir., 2001).

Henry failed to respond or produce any documents which disputes Officer Pinckley's version of the incident. Officer Pinckley's affidavit clearly shows that he had probable cause to arrest Henry for disturbing the peace and for resisting an officer.[26]

#### (ii) Excessive Force

A constitutional violation does not occur every time an officer uses force against an arrestee. The right to make an arrest or investigatory stop necessarily carries with it the right to use

---

[26] [See generally Doc. No. 11-2].

5

some degree of physical coercion or threat thereof to effect it. *Graham v. Conner*, 490 U.S. 386, 396-97 (1989).

Henry must prove that the force used was not only excessive, but clearly more than the force needed to subdue the threat. *Carter v. Fenner*, 136 F.3d 1000, 1010 (5th Cir. 1998). The "reasonableness" of the use of force must be judged in light of the circumstances, confronting him, without benefit of hindsight. *Manis v. Lawson*, 585 F.3d 839, 844 (5th Cir. 2009).

Due to the failure of Henry to file a response, the only version before this Court is the version of Officer Pinckley. Thus, Officer Pinckley's version of the facts clearly shows that excessive force was not used on Henry.

### (iii) Qualified Immunity

The doctrine of qualified immunity insulates government officials from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Claims of qualified immunity require a two-step analysis. First, the court must determine whether, viewing the summary judgment evidence in the light most favorable to the plaintiff, the defendant violated the plaintiff's constitutional rights. Second, if a violation has been established, the court must determine whether the officer's actions were objectively reasonable in light of clearly established law at the time of the conduct in question. *Freeman v. Gore*, 483 F.3d 404, 410 (5th Cir. 2007).

Because this Court has found that there was no false arrest or excessive force used, Officer Pinckley is entitled to qualified immunity. The summary judgment evidence, viewing it in a light most favorable to Henry, shows that Officer Pinckley did not violate Henry's constitutional rights.

Additionally, Officer Pinckley's actions were objectively reasonable in light of clearly established law.

      **C.     State Law Claims**

Henry has asserted state law claims of false arrest, excessive force, and negligence pursuant to Louisiana Constitution Article 1, Section 5, and Louisiana Civil Code Article 2315. Excessive force and negligence claims both turn upon objective "reasonableness." *See Roten v. City of Minden*, CV 16-0381, 2017 WL 1398655, at *8 (W.D. La. Apr. 18, 2017) ("Any other negligence claims asserted by Roten suffer the same fate, as this Court has held Engi and Young are entitled to qualified immunity. The focus of the qualified immunity inquiry is reasonableness. By finding the actions of Engi and Young to be reasonable under the qualified immunity analysis, Roten's state law negligence claims are undermined."). A plaintiff must prove the officer acted unreasonably, under the totality of the circumstances. *Kennedy v. City of Shreveport*, 2008 WL 2437043, at *6 (W.D. La. June 13, 2008). Based upon the uncontested facts before the Court in Defendants' Motion for Summary Judgment, this Court finds the actions of Officer Pinckley were reasonable, and summary judgment is appropriate on Henry's negligence and excessive force claims. The false arrest claim is based upon the same analysis as under federal law—whether Pinckley had probable cause for the arrest. *See Kador o/b/o Willis v. Gautreaux*, 23-CV-11-SDD-RLB, 2025 WL 967158, at *15 (M.D. La. Mar. 31, 2025) ("Louisiana applies the same standards to analyze claims of false arrest as the standards utilized under federal law.") (cleaned up). As already discussed, he did.

      **D.     City of Shreveport**

Henry's claims against Shreveport are in its official capacity as the employer of Pinckley. Because Officer Pinckley is entitled to summary judgment, so is Shreveport. *See Watt v. New*

*Orleans City,* 647 F.Supp.3d 496, 502 (E.D. La.2022), *aff'd*, 23-30050, 2023 WL 6807033 (5th Cir. Oct. 16, 2023) ("[I]n the absence of any underlying constitutional violation, there can be no municipal liability under *Monell*.").

### III. CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED, ADJUDGED AND DECREED** that the Motion for Summary Judgment [Doc. No. 11] filed by the City of Shreveport and Trevor Pinckley is **GRANTED**.

**IT IS FURTHER ORDERED** that the claims of Sha'Lexius Henry against said Defendants are **DISMISSED WITH PREJUDICE**.

**MONROE, LOUISIANA,** this 16th day of April, 2025.

					**TERRY A. DOUGHTY**
					**UNITED STATES DISTRICT JUDGE**